UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BELL AMERICAN GROUP, LLC, | ) |
| Petitioner, | ) No. 4:17-CV-2677 RLW |
| v. | ) |
| ROXANNA ELLIS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Respondent's Motion to Dismiss Petitioner's Petition to Compel Arbitration and for Injunctive Relief for Lack of Jurisdiction and Failure to State a Claim (ECF No. 12). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotations omitted); *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003). When the two parties to an action are citizens of different states, a federal district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002).

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir.

1994) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822 (8th Cir. 2011) (quoting *JTH Tax, Inc. v. Frashier,* 624 F.3d 635, 638 (4th Cir.2010) (internal quotation marks and citation omitted)); *see also Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp,* 280 F.3d at 884–85 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 188–89, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see also Federated Mut. Implement and Hardware Ins. Co. v. Steinheider,* 268 F.2d 734, 737–38 (8th Cir. 1959)). Thus, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp,* 280 F.3d at 885.

## BACKGROUND

On November 3, 2017, Petitioner Bell American Group, LLC d/b/a Taco Bell ("Petitioner" or "Taco Bell") filed a Petition to Compel Arbitration and for Injunctive Relief in Aid of Arbitration (ECF No. 1) in this Court. Petitioner seeks an Order (1) compelling Respondent Roxanna Ellis ("Respondent" or "Ellis") to submit to binding arbitration all disputes between Petitioner and Respondent pursuant to their arbitration agreement in the Receipt of

Dispute Resolution Program and Agreement to Abide by Dispute Resolution Program entered into on August 14, 2013 ("Arbitration Agreement"); and (2) enjoining Ellis from initiation, maintaining or pursuing any claims in contravention of the Arbitration Agreement, including, but not limited to, the action filed by Ellis in the 21st Judicial Circuit Court of St. Louis County, Missouri, captioned *Elllis v. Chris Count, et al.*, Case Number 17SL-CC01876 (hereinafter the "State Court Action"). *See* Petition to Compel Arbitration and Injunctive Relief in Aid of Arbitration (hereinafter "Complaint"), ECF No. 1. Ellis's State Court Petition seeks actual damages in excess of $25,000 and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, and attorneys' fees in each of the four counts asserted. (Complaint, ¶7). Taco Bell argues that the total of all of relief sought in the State Court Petition is in excess of $75,000. (*Id.*) In her State Court Action, Ellis alleges she was terminated based upon disability (scoliosis) discrimination.[1]

On December 15, 2017, Ellis filed a Motion to Dismiss Petitioner's Petition to Compel Arbitration and for Injunctive Relief for Lack of Jurisdiction and Failure to State a Claim. (ECF No. 12). Therein, Ellis claims that there is no federal question jurisdiction under the Federal Arbitration Act ("FAA") and no diversity jurisdiction because the amount in controversy does not exceed $75,000. *See* 28 U.S.C. §§1331, 1332.

---

[1] Ellis asserts that her claims are actually for associational disability discrimination. (ECF No. 23 at 3) (noting that Ellis's State Court action is for associational disability discrimination, and the disability discrimination cases cited by Taco Bell should not be relied upon as evidence of damages in this case). The MHRA prohibits "discriminat[ion] in any manner against any other person because of such person's association with any person protected by this chapter." Mo. Rev. Stat. § 213.070(4); *Sweeney v. City of Ladue*, 25 F.3d 702, 703 (8th Cir. 1994)

## DISCUSSION

### I.  Motion to Dismiss for Lack of Jurisdiction

The only issue before this Court is whether Taco Bell has demonstrated that the amount in controversy exceeds $75,000.[2] Both parties concede that there is complete diversity of citizenship between Taco Bell and Ellis.

Taco Bell argues that Ellis's allegations in her state court Petition seeking actual damages, compensatory damages for emotional distress, punitive damages, prejudgment interest and attorney's fees establishes "at least by a preponderance of the evidence" that the amount in controversy exceeds $75,000. (ECF No. 18 at 3). Taco Bell claims that "Missouri juries commonly award verdicts in excess of $75,000 for non-pecuniary compensatory damages under the MHRA," even with a claim for garden variety emotional distress. (ECF No. 18 at 3). Taco Bell maintains that Ellis's claim for loss of pay and benefit damages is sufficient to demonstrate that the amount in controversy exceeds $75,000. Taco Bell notes that Ellis's salary in 2014 was $34,746, and her gross pay in 2015 was $22,600.36 through October 27, 2015. (ECF No. 18 at 5). Taco Bell claims that Ellis's "unmitigated lost wages, alone, would be $60,000" for the last two years, and will be three years, or $90,000, by the time this case goes to trial in another year. (ECF No. 18 at 5).

Taco Bell further asserts that Ellis's claim for punitive damages will push her damages claim above the $75,000 threshold. (ECF No. 18 at 5-6). Taco Bell cites *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) as support for its proposition that punitive damages can be in excess of

---

[2] Ellis argues in her Motion to Dismiss that this Court does not have federal question jurisdiction under 28 U.S.C. §1331. Taco Bell, however, affirms that its Petition to Compel Jurisdiction is only before the Court "on the jurisdictional basis of diversity of citizenship." (ECF No. 18 at 1).

$75,000 where the actual damages fall below the requisite amount. In *Kopp*, Ms. Kopp was attacked, restrained, and sexually assaulted in her own home by her ex-husband, Donald Kopp. The Eighth Circuit noted that "an award of damages of more than $75,000 would not have to be set aside as excessive under Missouri law, nor would such an award be so 'grossly excessive' as to violate the due process clause of the United States Constitution." *Id.* at 886; *see also Frump ex rel. Aubuchon v. Claire's Boutiques, Inc.*, No. 10-1106-CV-W-SWH, 2011 WL 1103055, at *4 (W.D. Mo. Mar. 22, 2011) ("If a plaintiff has authority under state law to seek punitive damages, however, the claim will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.") (internal citation omitted).

Finally, Taco Bell maintains that Ellis's insistence that she is not seeking more than $75,000 fails to demonstrate that Ellis's damages fall short of the statutory threshold. (ECF No. 18 at 7-8). Rather, Taco Bell states that Ellis's unwillingness to stipulate to receiving less than $75,000 indicates that a jury might award her in excess of $75,000. In particular, Taco Bell notes that Ellis's attorney's fees should be included when evaluating whether her claims meet the $75,000 amount, and "[i]t is well known that attorney fees awards in MHRA discrimination cases almost invariably exceed $75,000." (ECF No. 18 at 8 (no citation included)).

The Court holds that it lacks subject matter jurisdiction over this action because it is legally certain that the amount in controversy does not exceed $75,000. In Ellis's State Court Action she seeks an unspecified amount of damages from Taco Bell, in an amount over $25,000, plus punitive damages, and attorney's fees.[3] As an initial matter, it does not appear that Ellis's

---

[3] Twenty-five thousand dollars is the jurisdictional amount for circuit court in Missouri State courts. "When the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue." *Jackson v. Fitness Res. Grp., Inc.*,

wage loss has been significant since she obtained comparable employment after her termination. Since Ellis's loss of employment from Taco Bell, she has worked at Checkers and for K-Mac Enterprises, Inc., another Taco Bell franchise. (ECF No. 23 at 4-5). Offsetting Ellis's lost income with her new income, she has lost between $15,431.96 and $19,436.88 as of November 4, 2017, based upon Ellis's calculations. (ECF No. 23). Thus, the only actual evidence of damages before the Court demonstrates that the amount in controversy is significantly less than the $75,000 jurisdictional amount.

The remainder of the evidence before the Court is based upon pure speculation and conjecture. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)) (The party invoking the court's jurisdiction "has an obligation to show, by a preponderance of the evidence, facts supporting jurisdiction."). Although Taco Bell cites a few cases with seemingly enormous non-pecuniary damages claims for garden variety emotional distress and punitive damages, the Court holds that such verdicts are outliers and insufficient based upon the preponderance of the evidence standard. In particular, the facts in *Kopp v. Kopp* are much more egregious than the allegations of this case.

Finally, the Court notes that Ellis made a settlement demand on October 25, 2017 for final resolution of all claims against Taco Bell, inclusive of all damages and attorneys' fees, in the amount of $70,000.[4] Although this statement is not binding on Ellis, the Court finds it is relevant to a valuation of her claims at issue. *See McGuire v. J.B. Hunt Transp., Inc.*, No.

---

No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (citing *Turner v. Wal–Mart Stores East, LP*, No. 4:11 CV 541 CDP, Doc. 14, at *3 (E.D.Mo. May 4, 2011)).

[4] Ellis's attorney also had only spent approximately 10 -12 hours on this case as of November 4, 2017. (ECF No. 23 at 3).

4:10CV746MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010) ("although the existence of a settlement demand does not resolve the issue, it is relevant" to the amount in controversy); *Jackson v. Fitness Res. Grp., Inc.*, No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (quoting *Ingram v. Procter & Gamble Paper Prods. Co.*, No. 4:11 CV 549 CAS, 2011 WL 1564060, at *2 (E.D.Mo. Apr. 25, 2011) (citations omitted) (emphasis added) ("the court can consider the plaintiff's pre- and post-removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, 'as long as the stipulation can be considered as *clarifying* rather than *amending* an original pleading.'"). The Court holds that Ellis's pre-removal settlement demand provides some clarification that the amount at issue in this case does not rise to the same level as the verdicts referenced by Taco Bell in its papers. Rather, the Court holds that the evidence supports a finding that this is a straightforward associational disability claim, with small compensatory damages at issue (between $15,431.96 and $19,436.88). The Court does not believe that non-pecuniary and punitive damages and attorneys' fees could reach the level of more than twice the compensatory damages in this case. Although the issue is close, it appears to a legal certainty that the claim is for less than the jurisdictional amount. Therefore, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss Petitioner's Petition to Compel Arbitration and for Injunctive Relief for Lack of Jurisdiction and Failure to State a Claim (ECF No. 12) is **GRANTED**. This matter is **DISMISSED** without prejudice.

Dated this 12th day of July, 2018.

                                                 */s/ Ronnie L. White*
                                                 **RONNIE L. WHITE**
                                                 **UNITED STATES DISTRICT JUDGE**